NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-24

M.A.

vs.

B.A.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the extension, after notice, of an abuse prevention order issued pursuant to G. L. c. 209A, § 3, at the request of the plaintiff, her brother.[1]  The defendant argues that the plaintiff failed to present adequate evidence of abuse, that the judge erred in believing the plaintiff's testimony in the absence of substantiation, that she was denied an opportunity to present her case, and that the judge abused his discretion in issuing the order.

---

[1] The order has since been extended twice and then vacated at the plaintiff's request.  This does not render the appeal of this extension moot.  See J.C. v. J.H., 92 Mass. App. Ct. 224, 224 n.2 (2017).

We are unable to adjudicate any of these arguments, because the defendant has failed to present us with a transcript of the extension hearing. Accordingly, we have no way of knowing what evidence was presented in support of the abuse prevention order, whether the judge clearly erred in crediting that evidence, whether the defendant was provided with an opportunity to present a defense, or whether the judge abused his discretion. "We stress that it is an appellant's duty to produce an appendix containing all portions of the record relevant to the issues raised on appeal." Friedman v. Division of Admin. Law Appeals, 103 Mass. App. Ct. 806, 821 (2024), quoting Lodigiani v. Paré, 103 Mass. App. Ct. 140, 141 n.3 (2023). "That a transcript must be submitted to support a claim that the evidence was insufficient is not some hypertechnical requirement, but a reflection of the fact that resolution of such a claim requires the reviewing court to see the entirety of the evidence that was presented." United Steel Workers of Am. v. Commonwealth Employment Relations Bd., 74 Mass. App. Ct. 656, 661 (2009),

2

quoting <u>Covell</u> v. <u>Department of Social Servs</u>., 439 Mass. 766, 782 (2003).

<u>Order dated November 30, 2023, affirmed</u>.

By the Court (Ditkoff, Grant & Toone, JJ.[2]),

Clerk

Entered: January 24, 2025.

---

[2] The panelists are listed in order of seniority.